### H. J. Donovan v. T. & P. R'y Co.

(Case No. 1894.)

1. RAILWAY COMPANY — REGULATIONS.— A railway company has the right to require persons hauling freight from its depot to receive the same on the platform from its servants and not to enter the warehouse for the purpose of checking off the freight; and also to require that persons doing business with the company shall transact the same over the counter, and not enter behind it. Such regulations are reasonable.

2. DAMAGES.— It is no ground for damages against the company that a drayman was discharged by his employer, because an agent of the company informed the employer that the drayman would not be allowed to violate proper regulations of the company.

3. AGENTS.— It is the duty of agents of a railway company to enforce the regulations of the company, but not to give reasons why such regulations were made; and if, in giving such reasons, they use actionable language, they, and not the company, will be liable.

APPEAL from Marion. Tried below before the Hon. W. P. McLean.

This suit was instituted by appellant to recover damages from a railway company for having caused his discharge from employment by J. M. De Ware, who owned a line of wagons engaged in hauling freight to and from defendant's depot and warehouse, at Jefferson, and also for defamation of plaintiff's character by the railway company through its agents. It appeared on the trial that plaintiff had charge of the wagons at a salary of $50 a month, and that it was his business to deliver goods at the depot and take shipping receipts for them, and also to haul goods away. An order was issued by the railway company that only its employees should enter the warehouse; that all business should be transacted over the counter, and not behind it, and that freight should be delivered and received at the platform. The agent of the company told De Ware that plaintiff would not be allowed in the warehouse or behind the

counter, but gave no reason for it. De Ware was then ignorant of the order of the company and discharged plaintiff, because, as he said, " I had no use for him unless he could go into the warehouse and check out freight, and in the office and settle bills." Plaintiff then tried to prove what the agent of the company had stated was the reason why the railway company had discharged plaintiff from its employment in 1883, but the court would not admit the evidence.

*Geo. T. Todd* and *Ed. Guthridge,* for appellant, cited: Townshend, Libel and Slander, pp. 455–6; Story on Agency, § 16; First Bap. Ch. *v.* Brooklyn Ins. Co., 18 Barb., 69; Darcy *v.* Turner, 46 Tex., 30; 50 Tex., 254; Long *v.* Steiger, 8 Tex., 460; 4 Tex., 89.

No briefs on file for appellee.

STAYTON, ASSOCIATE JUSTICE.— That the railway company had the right to make rules requiring that persons engaged in hauling freight from its depot should receive the same on the platform from its servants, and not enter the warehouse for the purpose of there checking off the freight, was a reasonable regulation, as was it that persons doing business with the company should transact the same over the counter instead of entering behind the same.

The charge in this respect was not erroneous.

If such regulations were established by the company as were unnecessary for the proper conduct of its business, and thereby the owners of freight were put to unnecessary delay or expense, they might have their action, but it is not perceived how the plaintiff could maintain an action against the company based on the fact that he was discharged by his employer for the reason that an employee of the company, even in the course of his business, informed the employer of the plaintiff that he would not be permitted to violate proper regulations of the company.

Whatsoever the agents Knote and Now may have said as to the reasons why the plaintiff would not be permitted to go into the warehouses or behind the counters of the company, it surely, under the record before us, cannot be held that the giving of such reasons was within the line of their duties. It was their business to enforce the company's rules, but not to give reasons why they were made.

If they used language in reference to the plaintiff which would be actionable, they would be responsible therefor, but not the company.

The evidence shows that the plaintiff's employer discharged him because the company would not permit him to enter its warehouses there to check off freight, and to enter behind its counters to transact business; this, if not a sufficient ground, under some circumstances might give an action against his employer, but certainly would not against the company.

No other judgment than that rendered could legally have been given, and the judgment is affirmed.

AFFIRMED.

[Opinion delivered October 27, 1885.]